CLIFF GUNTER, APPELLANT, v. M. L. MILLER, J. W. MILLER, PIONEER TITLE INSURANCE & TRUST COMPANY, RESPONDENTS.

No. 3861

December 12, 1955.                                    290 P.2d 755.

*Michael L. Hines,* of Las Vegas, for Appellant.

*Morse, Graves & Compton;* and *McNamee & McNamee,* of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an action for specific performance of a contract for sale of real property situated in Clark County and owned by M. L. Miller and J. W. Miller, his son. The agreement was reached between Gunter, the purchaser, and M. L. Miller and its terms were set forth in writing in the form of escrow instructions given to Pioneer Title Insurance & Trust Company which instructions were signed by both parties. Since an interest in the property was owned by Miller's son, the father signed the writing for his son, purporting to act under a power of attorney as his attorney in fact. Gunter paid the agreed purchase price into escrow. A deed to the property was sent to the son for his signature, was signed by him and returned to the escrow holder. M. L. Miller then refused to sign the deed and repudiated the agreement. This action was brought by Gunter to enforce the agreement against M. L. Miller. Miller asserts in defense that no enforceable contract ever

existed since he had no authority to sign for his son and the agreement was, therefore, never completely executed. Such was the holding of the trial court. Gunter has taken this appeal from judgment.

We believe the trial court was in error. The escrow instructions clearly demonstrate a meeting of the minds of the two parties, Gunter and M. L. Miller. Miller relies upon the general rule that where an instrument constituting an agreement is drawn for the signature of several parties it is not binding upon any until all have signed; that those who in fact execute the instrument do so on the implied condition that it is to be executed by the others; that until so executed the agreement is incomplete and inchoate. See 17 C.J.S. 411, Contracts, sec. 62(a).

We very much doubt that Miller can properly contend that his signature was subject to such an implied condition under the facts of this case. In no event, however, can the general rule be held applicable here. The reason for the rule does not exist under the facts. We may assume for the purposes of this opinion that the father did not intend to commit himself to the agreement unless and until the son likewise should have committed himself and that the commitment of the father to this extent was conditional. In this case, however, the son has committed himself to the agreement in the most effective possible way. He has actually done everything his father on his behalf had promised he would do. The condition subject to which the father committed himself has, then, been met and his obligation is enforceable. He may not escape by denying the authority he represented himself to have. That authority is no longer of concern to anyone. The promised act, regardless of the authority to promise it, has actually been performed.

The judgment of the trial court based on the proposition that there was no contract between Gunter and M. L. Miller must be reversed.

In his answer M. L. Miller also alleges that he entered

into the contract under certain misconceptions; that his agreement was secured by fraud or mistake; that the agreement and the son's deed should, therefore, be canceled. The issues upon these propositions were never reached by the trial court due to its determination that no contract ever existed. A new trial should be had so that determinations may be had upon these questions.

Reversed with costs to appellant and remanded for new trial.

BADT and EATHER, JJ., concur.